19-1764-cr
United States v. Quiroz-Martinez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand twenty.

PRESENT:  JOSÉ A. CABRANES,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
              *Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

      *Appellee*,

    v.                                                No. 19-1764

JOSE ANTONIO QUIROZ-MARTINEZ,

      *Defendant-Appellant*.

-----------------------------------------------------------------

FOR DEFENDANT-APPELLANT:        Jon L. Schoenhorn, Jon L.
Schoenhorn & Associates,
LLC, Hartford, CT.

FOR APPELLEE:        Patrick J. Doherty, Sandra S.
Glover, Assistant United States
Attorneys, *for* John H.
Durham, United States
Attorney for the District of
Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Jose Antonio Quiroz-Martinez appeals from a June 12, 2019 judgment of conviction entered by the District Court upon his plea of guilty to using an interstate facility to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  Quiroz-Martinez was sentenced principally to a term of imprisonment of 270 months.  On appeal, Quiroz-Martinez argues that his sentence is procedurally and substantively unreasonable and that the Government breached its plea agreement by advocating for a higher Guidelines

2

range than the agreement provided. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

1. Guidelines Enhancement Under § 4B1.5

We review questions of law as to the operation of the Guidelines de novo and findings of fact for clear error, see United States v. Vasquez, 389 F.3d 65, 68 (2d Cir. 2004), ever mindful of the teachings of the Supreme Court that the Guidelines are advisory, see United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc) (citing United States v. Booker, 543 U.S. 220, 245 (2005) (rendering the Guidelines "effectively advisory")). Quiroz-Martinez argues that the District Court improperly applied a five-level enhancement under § 4B1.5(b) of the Sentencing Guidelines because the Government failed to establish that he engaged in sexual misconduct with a minor on more than one occasion. Section 4B1.5(b) provides that the enhancement applies when "the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b). A pattern of activity exists "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." Id. cmt. n.4(B)(i). The

offense of conviction can constitute one of the two occasions of prohibited sexual conduct. See United States v. Broxmeyer, 699 F.3d 265, 285 (2d Cir. 2012).

The District Court's application of the enhancement here rested on its factual finding that Quiroz-Martinez had enticed the minor involved in the offense of conviction to send sexually explicit photographs on three different days, which it treated as three separate occasions.

We need not decide whether an offense of conviction that consists of repeated acts of prohibited sexual misconduct against the same minor in a short period of time (here, enticing the same minor to send sexually explicit photographs on three different days over the course of nineteen days) satisfies the "pattern of activity" requirement of § 4B1.5(b). "[W]e may affirm a Guidelines enhancement on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." Broxmeyer, 699 F.3d at 287 (quotation marks omitted). In this case, the District Court found that Quiroz-Martinez had also engaged in two prior, separate, and uncharged incidents of prohibited sexual misconduct against two minors other than the minor involved in the offense of conviction. As we explain

below, these findings were not clearly erroneous. Thus, together with the offense of conviction (and even without it), these two uncharged incidents satisfy the pattern of activity requirement under § 4B1.5(b). We affirm the District Court's application of the five-level enhancement on that basis.

2. Factual Findings Under 18 U.S.C. § 3553(a)

Quiroz-Martinez also challenges the District Court's factual findings that he committed the two uncharged incidents and that he possessed child pornography on his cellphone. The District Court relied on these findings in imposing the final sentence under 18 U.S.C. § 3553(a).

Based on our review of the record, we conclude that these findings were not clearly erroneous. After giving Quiroz-Martinez the opportunity to challenge the sexual assault allegations as well as the claim that he possessed child pornography, the District Court, pointing to the Presentence Report and other materials, thoroughly explained why these prior incidents of misconduct were established by a preponderance of the evidence.

3. Substantive Reasonableness

Quiroz-Martinez separately argues that his sentence was substantively

unreasonable primarily because the District Court assigned undue weight to the uncharged allegations of sexual misconduct and improperly applied the § 4B1.5(b)(1) sentencing enhancement. We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (quotation marks omitted). We have already rejected Quiroz-Martinez's procedural challenge to the sentencing enhancement and do not revisit the issue in the context of substantive reasonableness. We now also conclude that the District Court adequately considered the factors listed in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense. Indeed, the District Court referred to several factors in Quiroz-Martinez's favor and sentenced him to a below-Guidelines term of imprisonment on the ground that the § 4B1.5(b) sentencing enhancement was "disproportionate to the seriousness of the conduct." App'x 86. We therefore reject Quiroz-Martinez's argument that his sentence was substantively unreasonable.

4. Breach of the Plea Agreement

At the sentencing hearing, the Government advocated for a sentencing

6

range of 324 to 405 months. Quiroz-Martinez argues that the Government thus breached the plea agreement, in which it promised to advocate for a Guidelines range of no more than 292 to 365 months. Because Quiroz-Martinez raises this argument for the first time on appeal, we review it for plain error. See Puckett v. United States, 556 U.S. 129, 135–36 (2009).

In determining whether the Government breached a plea agreement, we consider "the reasonable understanding of the parties as to the terms of the agreement." United States v. Riera, 298 F.3d 128, 133 (2d Cir. 2002) (quotation marks omitted). Quiroz-Martinez's claim fails because there was no plea agreement, written or verbal, between the parties when he decided to plead guilty. During his guilty plea proceeding, Quiroz-Martinez understood that he was pleading guilty without the benefit of a plea agreement and without a recommended Guidelines range. The Government later offered Quiroz-Martinez two plea agreements that included proposed Guidelines ranges lower than the range the Government ultimately proposed at sentencing, but Quiroz-Martinez declined both offers. In any event, neither of the plea offers themselves contained a representation by the Government that it would stick to the

Guidelines ranges reflected in the offers.  See United States v. MacPherson, 590 F.3d 215, 219 (2d Cir. 2009).

We have considered Quiroz-Martinez's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court